| Case No. | CR12-236-CAS | Date | October 10, 2012 |
|---|---|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER |
|---|---|

| Interpreter | (SPANISH) - Not Present |
|---|---|

| Catherine Jeang | Not Present | Mark Aveis, Not Present<br>Noel Neeman, Not Present |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder, Tape No.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| JESUS SANCHEZ-GALINDO | NOT | X | | STEPHEN DEMIK, DFPD<br>CHRISTOPHER DYBWAD, DFPD | NOT<br>NOT | X<br>X | |

| Proceedings: | **(IN CHAMBERS): DEFENDANT'S MOTION REGARDING BURDEN OF PROOF ON HIS DURESS DEFENSE** (filed October 3, 2012) |
|---|---|

## I.   INTRODUCTION & BACKGROUND

Defendant Jesus Sanchez-Galindo is charged in a three-count indictment with violating 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) (possession with intent to distribute marijuana), 952(a), 960(a)(1), (b)(1)(G) (importation of marijuana), and 963 (conspiracy to import marijuana).

On March 1, 2012, defendant and co-defendants Artisteo Machado-Fernandez and Ramiro Cisneros-Hernandez were found on San Nicolas Island, along with a "panga" fishing vessel and approximately 867 kilograms of marijuana. The facts regarding the defendants' arrest and the charges against defendants are known to the parties and set forth more fully in the Court's prior order denying defendant's motion to suppress his statements. See Dkt. No. 71.

On August 27, 2012, the government filed a motion in limine: (1) to exclude any reference to duress during its case-in-chief; and (2) to require an offer of proof from each defendant prior to introducing any evidence of duress at any point during trial. See Dkt. No. 43. Defendants made an in camera offer of proof on September 12, 2012, after which the Court held a hearing on October 1, 2012. See Dkt. No. 96. At the hearing, the Court determined that the in camera filings should remain in camera, over the government's objection. Id. In addition, defendant argues in his briefing that the government should bear the burden of disproving duress for all three counts of the indictment. See Dkt. No. 89. In the event the Court finds that defendant bears the burden of proving duress, he also requests sur-rebuttal and requests that the

Court order the parties to reverse their respective positions in the courtroom, such that defendant sits at the table closest to the jury. Id. The government filed an opposition on October 5, 2012. Dkt. No. 95. After considering the parties' arguments and in camera filings, the Court finds and concludes as follows.

## II.    ANALYSIS

As a preliminary matter, the Court finds that defendant may present his duress defense at trial. See United States v. Chi Tong Kuok, 671 F.3d 931, 947 (9th Cir. 2012). The jury may or may not ultimately accept the veracity of defendant's story, but defendant "has alleged facts sufficient to present his defense to the jury." Id. at 950.

Next, the Court finds that defendant should bear the burden of proving duress by a preponderance of the evidence. The Supreme Court in Dixon v. United States, 548 U.S. 1 (2006), set forth the basic framework governing the allocation of the burden of proof for a duress defense to a federal criminal charge. When addressing a federal statute which is silent on the issue of duress, the Court held that "as will usually be the case. . . we presume that Congress intended [the defendant] to bear the burden of proving the defense of duress by a preponderance of the evidence." Id. at 17. The Supreme Court reasoned that allocating the burden of proof in this fashion is appropriate because the duress defense "may excuse conduct that would otherwise be punishable, but the existence of duress normally does not controvert any of the elements of the offense itself." Id. at 6. In Dixon, the Supreme Court held that the defendant bore the burden of proving the duress defense in regards to two federal firearms crimes, both of which required that the offenses be committed "knowingly" or "willfully." Id. at 6–8. In the unusual case, however, there may be crimes which require the government to disprove the existence of duress beyond a reasonable doubt, such as those crimes which require a mens rea of malice. Id. at 6, n. 4. In large part, Dixon is in accord with the then-existing Ninth Circuit approach to allocating the burden of proof for a duress defense. See id. at 26–27 (Breyer, J., dissenting) (discussing the circuit split on the issue); United States v. Solorzano-Rivera, 386 F.3d 1073, 1079 (9th Cir. 2004) (holding that a defendant bears the burden because duress generally "does not negate the mental states of knowledge or intent, or the voluntary nature of the act").

The Court finds that under Dixon, defendant bears the burden of proving a duress defense for all three counts of the indictment here. All three counts require a mens rea of "intent" in

various forms, a mental state that would not be negated by a successful duress defense.[1]  See United States v. Leal-Cruz, 431 F.3d 667, 671 (9th Cir. 2005) (noting that the "defense of duress. . . does not necessarily negate the intent required to commit a specific intent offense"); United States v. Hernandez-Franco, 189 F.3d 1151, 1157 (9th Cir.1999) (holding the same for the inchoate crime of attempt to transport illegal aliens).

For example, a defendant could knowingly possess marijuana with the intent to distribute it to another person, even when that defendant is acting under duress.  In that circumstance, although the duress defense may excuse what would otherwise be illegal conduct, the defendant's actions would still be considered knowing and intentional, as the defendant has made an intentional decision to act—albeit because of his duress.  Therefore, because the defense does not negate the elements of the crime, the defendant would bear the burden of proving duress by a preponderance of the evidence.  See Leal-Cruz, 431 F.3d at 673 (noting that a defendant who "had the 'conscious desire' to enter the country, even if the act of crossing the border was done to escape harm" bears the burden of proof on a duress defense).  Relatedly, even while acting under duress, a defendant could (1) join in an agreement knowing of its purpose and intending to accomplish that criminal purpose, or (2) knowingly and intentionally aid another in the commission of a crime.  As with the distribution charge, a duress defense in these situations may excuse the defendant from criminal liability, but the defense does nothing to negate a defendant's intent or purpose in carrying out these actions.  See Dixon, 548 U.S. at 23 (Breyer, J., dissenting) (noting that the defendant there acted intentionally because she "decided to do these things and knew that she was doing them[;] [i]ndeed, her action was willful in the sense that she knew that to do them was to break the law").

Stated differently, a defendant's rationale for knowingly and intentionally aiding another in the commission of a crime is irrelevant to the government's burden of proving that a defendant acted in such a manner beyond a reasonable doubt.  What matters is that the government carry its burden of demonstrating that a defendant did in fact act intentionally or knowingly, or under whatever mental state a given criminal statute requires.  A defendant in

---

[1] Under count 1, conspiracy to import marijuana, a defendant must have joined in an agreement "knowing of its purpose and intending to help accomplish that purpose."  Ninth Circuit Model Criminal Jury Instructions No. 9.19 (201).  Under count 2, defendant is charged with the crime of aiding and abetting the importation of marijuana, which requires a defendant to "knowingly and intentionally aid[]" in the commission of a crime.  Id. No. 5.1; United States v. Verduzco, 373 F.3d 1022, 1030 (9th Cir. 1993).  And to commit count 3, possession with the intent to distribute, a defendant must have "knowingly possessed marijuana. . . with the intent to distribute it to another person."  Id. No. 9.15.

such a circumstance may have a legal excuse for his actions which would otherwise be criminal, but the defendant should usually bear the burden of proving that an excuse like duress applies.[2]

## III. CONCLUSION

In accordance with the foregoing, the Court finds that defendant bears the burden of proving duress by a preponderance of the evidence for all three counts charged in the indictment. Because the Court finds that defendant bears the burden of proof for his duress defense, the Court finds it appropriate to grant defendant's request for sur-rebuttal. However, the Court denies defendant's request to rearrange the respective positions of the parties in the courtroom.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Deputy Clerk | | CMJ | |

---

[2] See Dixon, 548 U.S. 1, 15 n. 5 (noting that: "The rationale of the defense is not that the defendant, faced with the unnerving threat of harm unless he does an act which violates the literal language of the criminal law, somehow loses his mental capacity to commit the crime in question. . . Rather it is that, even though he has done the act the crime requires and has the mental state which the crime requires, his conduct which violates the literal language of the criminal law is excused.") (quotation and citation omitted).